Dan L. Stormer (State Bar No. 101967)
dstormer@hadsellstormer.com
Anne Richardson (State Bar No. 151541)
arichardson@hskrr.com
**HADSELL STORMER KEENY**
       **RICHARDSON & RENICK, LLP**
128 N. Fair Oaks Ave.
Pasadena, California 91103
Telephone (626) 585-9600; Fax (626) 585-9610

William S. Waldo (State Bar No. 73973)
wwaldo@bononilawgroup.com
Michael J. Bononi (State Bar No. 130663)
mbononi@bononilawgroup.com
apatton@bononilawgroup.com
**BONONI LAW GROUP, LLP**
915 Wilshire Boulevard, Suite 1950
Los Angeles, California 90017
Telephone (213) 553-9200; Fax (213) 553-9215

*Counsel for Plaintiff*
*Stephan Ballard*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION - ROYBAL FEDERAL BLDG

| | |
|---|---|
| STEPHAN L. BALLARD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MISTRAS GROUP, INC., a Delaware Corporation; CONAM INSPECTION AND ENGINEERING SERVICES, INC., a Delaware Corporation; and MISTRAS HOLDINGS GROUP, and DOES 1 through 100, inclusive,<br><br>Defendants.<br>_____ | Case No. CV10-3186 PSG (SSx)<br><br>[Consolidated with Case Nos. CV 09-7146 PSG (SSx) and CV 10-6312 PSG (SSx)]<br><br>**Los Angeles County Superior Court Case No. BC 434699**<br><br>**DECLARATION OF ANNE RICHARDSON AND EXHIBITS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**<br><br>*[Ntc of Mtn for Award of Attys' Fees & Costs; Decl. of Waldo & Exhibits Filed Concurrently Herewith]*<br><br>Date:  August 1, 2011<br>Time: 1:30 p.m.<br>Ctrm: 880<br><br>Complaint Filed:   March 29, 2010<br>Trial Date:         NONE |

# DECLARATION OF ANNE RICHARDSON

I, Anne Richardson, hereby declare:

1.      I am a partner at the law firm of Hadsell Stormer Keeny Richardson & Renick, LLP ("HSKRR").  I am admitted to practice law in the State of California and before this Court.  The facts stated herein are based on my personal knowledge and/or my review of the records and filings in this case, and if could as a witness I could and would competently testify thereto under oath.

## Background Information

2.      **The Quiroz Litigation** -  On September 4, 2009, Patrick Quiroz, represented by the Bonini Law Group filed a putative class action, Quiroz v. Mistras, CV 09-7146 PSG (SSx) against Defendants.  In his First Amended Complaint, Quiroz alleged class-wide claims for: 1) Non Payment of Earned Wages (Cal. Labor Code 204); 2) Conversion; 3) Failure to Provide Accurate Wage Statements (Cal. Labor Code 226 (a); and 4) Violations of the Unfair Competition Law (Cal. B&P §17200).

3.      Quiroz alleged an individual claim for the Willful Failure to Pay Wages at the Time of Termination (Labor Code §§ 201, 203 and 227.3)(Fifth Cause of Action, First Amended Complaint, Docket 17, Quiroz matter).  Quiroz also alleged on an individual basis and on behalf of himself and other current and former employees a claim for penalties under the California Private Attorney's General Act (Labor Code § 2698)(Sixth Cause of Action, First Amended Complaint, Docket 17, Quiroz matter). (Docket 17, Case CV 09-7146 PSG).

4.      On March 12, 2010, Quiroz's motion for class certification was denied by District Court Judge Philip Gutierrez on the grounds that Plaintiff had failed to move for certification within 90 days of the filing of the complaint as set forth in Local Rule 23-3 and the class allegations were stricken.  (Docket 39, Case CV 09-7146 PSG).

5.      **The Ballard Litigation** - The complaint in the Ballard action was filed on March 29, 2010 in state court alleging class claims for: 1) the Non-Payment of Wages (Labor Code § 204); 2) Failure to Furnish Accurate Wage Statements (Labor Code §

226(a)); and 3) Violations of the Unfair Competition Law (B&P §17200). (First Amended Complaint, Fist through Third Causes of Action).  In addition, Ballard alleged an individual claim for the Willful Failure to Pay Wages at the Time of Termination (Labor Code §§  201, 203, 227.3). (First Amended Complaint, Fourth Cause of Action). Ballard also sought damages on a non-class basis his behalf and on behalf of current and former workers under the Private Attorney's General Act ("PAGA") (Cal. Labor Code § 2698)(First Amended Complaint, Fifth Cause of Action).  The matter was removed to the District Court and subsequently related to the Quiroz matter. (Docket 1, 15-16). Ballard filed a Motion for Class Certification on June 16, 2010, 78 days after the complaint was filed.

6.     My firm associated in as counsel on June 10, 2010. The parties engaged in a full day mediation session with Judge Dickran Tevrizian on September 8, 2010, with continuing discussions thereafter.  Eventually, the parties agreed on the terms of a settlement, as more specifically described below.  The Settlement was reduced to writing and executed by the parties.  A true and correct copy of the settlement agreement is attached hereto as Exhibit "A."

7.     Defendants are Mistras Group, Inc. ("Mistras") and Conam Inspection and Engineering Services, Inc. ("Conam").  Conam has been a wholly-owned subsidiary of Mistras for approximately five years.  Conam and Mistras provide non destructive testing of energy plants, refineries, aerospace, and other technologies.  The California employees of the two companies were initially employed by Defendant Conam, but effective June 1, 2009, became employees of Defendant Mistras. The class, which includes former and current employees, numbers 465.

8.     The Class has been defined in the Settlement Agreement as:

   all persons who were employed by Mistras Group, Inc.
   and/or its predecessor Conam Inspection and Engineering
   Services, Inc. formerly known as "Mistras Holdings Co.,"
   in any position within the state of California, at any time
   between September 4, 2008 and August 29, 2010, as
   identified by Mistras using its employment records.

(Exh. A ¶ 1.32.)

9.      In recognition of the risks and burdens undertaken by named Plaintiffs Ballard and Quiroz who actively participated in the litigation, mediation and settlement of this case, the settlement provides an incentive award to each of these two named Plaintiffs for $10,000.  The enhancements are intended to compensate these individuals fairly in relationship to the rest of the class in light of the additional burdens and risks they have undertaken by assisting in the prosecution of the lawsuit. In addition, the parties have agreed to settle the individual claims of Ballard for $15,000 and those of Quiroz for $40,000 for their individual claims of retaliation and failure to hire.  These claims do not relate generally to the class.

## Discovery and Investigation Conducted by Plaintiffs

10.      Substantial discovery was done concerning the same pay practices in the Quiroz action, predating this complaint.  In connection with the *Quiroz* and *Ballard* matters, the Bononi Law Group conducted numerous depositions and propounded and received written discovery.

11.      Bononi Law Group associated into the matter the law firm of Hadsell Stormer Keeny Richardson & Renick, LLP to assist them in the litigation of the subsequent class action, *Ballard v. Mistras*.  Since that action was filed, the parties engaged in an additional exchange of information, including data regarding the number, locations, and dates of employment of all putative class members.

12.      After filing the complaint in this action, counsel for Plaintiffs and Defendants discussed the status of discovery and the prospects of conducting a mediation to determine if resolution was possible at the early stages of the litigation. Unlike many class actions, it is undisputed that Defendants' policies apple equally to the entire class and as such issues of liability are largely uncontested, leaving only issues of damages in dispute.  In light of the fact that there was little dispute regarding Defendants' class-wide payroll policies, defendants provided plaintiffs with the following information:

1) job titles of all employees hired from 2006 until August 29, 2010;

2) Date of hire;

3) Date of termination (if any);

4) Weeks employed during that each employee's employment; and

5) Location of employee.

13.    Defendants provided Plaintiffs' counsel with voluminous digital data, including spreadsheets which showed, inter alia, which individuals were employed during the class period.  Plaintiffs retained Todd Stefan of Setec Investigations to evaluate the data and to assist in drafting damages calculations for the class.  By evaluating the data, Mr. Stefan was able to create various damage models to assist plaintiffs' counsel in determining the range of damages they might recover at trial.

14.    On September 8, 2010, the parties attended a mediation before the Hon. Dickran Tevrizian (Ret.), a previous District Court Judge for the Central District of California. Judge Tevrizian is a highly regarded private mediator who is intensely familiar with wage-and-hour class action lawsuits.  At the mediation, the parties exchanged detailed information concerning the claims, defenses and alleged damages at issue.  Based upon the investigation and discovery completed by Plaintiffs, the parties were able to reach a settlement shortly after the mediation.  The settlement was ultimately reduced to writing and executed by all of the parties. This Agreement is the product of arms-length, non-collusive negotiations attended by experienced class counsel.

**Notice to the Class**.

15.    The parties have agreed to retain Gilardi & Co. ("Claims Administrator") to act as the impartial claims administrator. The Claims Administrator has been retained to send out notice to the class members, post relevant court filings on its website, including Plaintiffs' motion for attorney's fees and costs, to resolve any conflicts of membership in the proposed class, and to mail the settlement checks to the authorized claimants. Gilardi's fees are estimated at $15,000. (Exh. "A," ¶ 8).

**HSKRRs Ordinary Billing Rates**

16.     Hadsell Stormer Keeny Richardson & Renick is a widely-respected plaintiff-side firm in Southern California.  HSKRR has successfully handled numerous class actions, including dozens of wage and hour class actions.  Lawyers at the firm practice regularly in both federal and state court.  The firm generally has about 12 lawyers.

17.     In some of the cases we litigate, we bill our clients at an hourly rate; in others we work on a contingency fee basis. We also frequently litigate cases in which we are entitled to attorneys fees under fee shifting statutes such as 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k) (Title VII fee shifting provision); and California Code of Civil Procedure § 1021.5.

18.     The rates we currently charge our billing clients, and the rates we would currently seek under all fee shifting provisions that call for attorneys fees to be awarded at "prevailing market rates" are set forth in the table below.

19.     I have been a partner at Hadsell Stormer Keeny Richardson & Renick since January, 2008, and previously, a partner at Hadsell & Stormer since 1998.  I joined the firm in 1993.  From 1990-1992 I was a Public Interest Fellow at Litt & Stormer, and from 1989 to 1990, I clerked for the Honorable Mariana R. Pfaelzer, U.S. District Judge for the Central District of California.  I attended Stanford Law School, where I graduated in 1989 with Distinction, and Swarthmore College, where I earned a B.A. in Philosophy in 1984.  I was admitted to appear before the California Bar and the United States District Court for the Central District of California in December, 1990. Other admissions have since followed (to the Northern District of California, the Ninth Circuit, the D.C. Circuit, and the United States Supreme Court).

20.     I specialize in employment discrimination, civil rights, class actions, and international human rights law.  I represent employees at all stages of litigation, from negotiations and litigation through appeals.  I have substantial class action experience, and am currently serving as one of the counsel on *United Steel et al. v. ConocoPhillips,*

CV 08-2068-PSG (FFMx).  I was also co-lead counsel on *Bernhard, et al., v. City of Ontario,* Case No. ED CV 04-01015 VAP (PJWx), and *Avery v. Orange County Transportation Authority*, Case No. 07CC00004 (Orange County Superior Court).  I have also worked on such class actions as *Fitzgerald v. City of Los Angeles*, CV 03-01876 DDP (Central District of California), *Soto v. Starwood Hotels and Resorts Worldwide, Inc.*, BC 352849 (Los Angeles Superior Court), *Flores, et al. v. Albertson's, et al*, Case No. 00-13628 CM (Shx) (Central District of California), *Paige v. State of California,* Case No. CV 94-0083 CBM (Central District of California) and *Parmar v. Ziba Beauty Centers, Inc.,* BC 392872 (Los Angeles Superior Court), among others.

21.    In addition to the foregoing, my firm has been named class counsel on numerous other class action cases, including but not limited to the following: *Small v. Brinderson*, 04CC00717, *Diaz v. ABM Industries, Inc.,* BC 362932, *Morales v. Aramark*, 2:09-CV-05565-F.C.-MGX, *McLaughlin v. County of Riverside*, 500 U.S. 44 (1991); *Pierce v. County of Orange*, 2008 U.S. App. LEXIS 10454 (9th Cir. 2008), *Donaldson v. City of Long Beach*, BC251505; *Cundiff, et al. v. Verizon, et al.,* BC 237806; *Grafman v. Washington Mutual*, Case No. Consolidated Case Nos. BC 218 991 and BC 240935; *Amaro v. Ritz Carlton*, BC 376739; *Alvarez v. Fox Transport*, et al., BC 284345; *Sandoval v. Interim Services, et al*, Case No. BC 236 636; *Hernandez v. Tyco International (U.S.), Inc.*, BC 315749; *Wang v. Chinese Daily News,*  CV 04-1498 CBM (JWJx); *Pinney v. Great Western Bank*, United States District Court, CV-95-2110 IH; *Rogers v. Weyerhaeuser Corp.*, United States District Court, CV 05-06076 -NM; *Levitan v. TV Fanfare Media Inc*., Los Angeles Superior Court Case No. BC 241713 (Judge Kuhl); and *Vitamin Antitrust Cases*, San Francisco Superior Court, J.C.C.P. No. 4076 (Judge Kramer).

22.    I have been lead appellate attorney on numerous cases, including *United Steel et al. v. ConocoPhillips* 2010 U.S. App. LEXIS 238 (9th Cir. January 6, 2010), *Metoyer v. Chassman*, 504 F.3d 919 (9th Cir. 2007), *Blair v. City of Pomona*, 223 F.3d 1074 (9th Cir. 2000), and *Beyda v. City of Los Angeles*, 65 Cal. App. 4th 511 (1998).  I

1   was one of the lead counsel on the *Doe v. Unocal* litigation against Unocal for its

2   participation in a gas pipeline in Burma for which slave labor was used, which resolved

3   in 2005 after multiple published decisions.

4        23.    In 2006, I was honored along with Dan Stormer and Paul Hoffman as one of

5   the California Lawyers' Attorneys of the Year for our work on the *Doe v. Unocal* case.  I

6   was awarded the Pro Bono Advocacy Award by the ACLU of Southern California in

7   June, 2006 for my work on another case.  I have been named a Super Lawyer by LA

8   Lawyer Magazine every year since 2004 and have been named one of the Top 50

9   Women Litigators in Southern California in 2008 and 2009.   I have received an AV

10  rating from Martindale Hubbell, and have been listed in The Best Lawyers in America

11  since 2003.  I have taught Civil Rights Litigation Under Section 1983 at Loyola Law

12  School and at Whittier Law School. My billing rate is currently $625 an hour. I was

13  awarded my then-billing rate of $575 by Judge Pregerson in 2009.

14       24.    My partner, Randy Renick, is a 1995 graduate of the Southwestern School

15  of Law.  He was selected as a "Super Lawyer" by Los Angeles Magazine and Law &

16  Politics Magazine for 2005, 2006, 2007 and 2008 and as a Rising Star in 2004.  Mr.

17  Renick was one of a handful of plaintiffs side employment lawyers selected as one of

18  "The Best Lawyers in America" for 2007 and 2008.  He is regularly asked to give

19  lectures regarding public interest and class action litigation to lawyers, law students and

20  public interest organizations; including the University of California at Los Angeles

21  School of Law; State Bar of California Labor and Employment Section; Los Angeles

22  County Bar Labor and Employment Section; The Coalition Against Slavery and

23  Trafficking; and the Western Trial Lawyers Association.  Mr. Renick specializes in

24  complex and class action litigation.  His billing rate is $600 an hour and he has spent

25  over 29.8 hours on the case.

26       25.    Dan Stormer is regularly included in the 100 most influential attorneys in

27  the State of California. He has been the recipient of dozens of awards and regularly

28  teaches master classes at law schools and legal seminars throughout the country on trials

1   and litigation. He is recognized as among the finest civil rights attorneys in both

2   California and the country. He has already been awarded his previously $800 an hour

3   rate by Judge Consuelo Marshall in a class action lawsuit that went to verdict in 2007.

4   Mr. Stormer's billing rate is $825 an hour, and he spent 10.6 hours on this case preparing

5   for mediation and in mediation.

6       26.    Cornelia Dai is a partner at Hadsell Stormer Keeny Richardson & Renick,

7   LLP (formerly Hadsell & Stormer, Inc.) and has been with the firm since 1999. Ms. Dai's

8   practice specializes in individual employment cases, class actions involving violations of

9   wage and hour laws, and other civil rights and international human rights cases. She has

10  practiced in both state and federal court, and has represented clients at all stages of

11  litigation. In 2008, she and her co-counsel obtained a judgment of more than $5.1 million

12  in a class action involving violations of overtime and meal and rest break laws in *Wang*

13  *v. Chinese Daily News*. She is currently co-counsel in an action brought against various

14  hotels in the Los Angeles International Airport area for failure to pass service charges on

15  to workers in violation of the Hotel Service Charge Reform Ordinance, Los Angeles

16  Municipal Code § 184.00, et seq. Ms. Dai was also one of the plaintiffs' counsel in *South*

17  *Central Farmers Feeding Families v. City of Los Angeles*, a case brought on behalf of

18  over 300 low-income families in a struggle to preserve land for a much-needed urban

19  community garden in South Los Angeles. In addition, she was one of the Doe plaintiffs'

20  counsel in the state litigation of the international human rights case *Doe v. Unocal*,

21  which involved human rights abuses by a large oil company against Burmese villagers.

22  Ms. Dai has been listed in Southern California Super Lawyers® – Rising Stars edition,

23  published by Los Angeles Magazine and Law & Politics Magazine, each year since

24  2005. She was featured in the July 2007 issue of Southern California Super Lawyers® -

25  Rising Stars edition, in an article entitled "For Abusive Employers, The Dai Has Been

26  Cast." She was also named one of the 2010 Top Attorneys for Labor & Employment by

27  Pasadena Magazine.  Ms. Dai currently sits on the Executive Committee of the Labor

28  and Employment Law section of the Los Angeles County Bar Association. She is also a

1   member of the California Employment Lawyers Association and the National Lawyers

2   Guild.   Ms. Dai is a 1995 graduate of U.C. Berkeley, with a Bachelor of Arts degree in

3   Sociology. She earned her Juris Doctorate at U.S.C. Law School in 1999. Cornelia Dai's

4   hourly rate is $525 an hour, and she spent over 20 hours working on this case

5   researching and preparing for the motion for class certification and reply briefs and

6   preliminary approval.

7        27.   Radhika Sainath has been an Associate with Hadsell Stormer Keeny

8   Richardson & Renick LLP since 2008. She is a graduate of the  UC Berkeley School of

9   Law (Boalt Hall) and has practiced in the civil rights employment discrimination and

10   class action litigation field since her admission to the California Bar in the fall of 2008.

11   She is currently serving as one of the class counsel on *Parmar v. Ziba Beauty Centers,*

12   *Inc.*, BC 392872 (Los Angeles Superior Court) and *Pierce v. County of Orange*, Case

13   No: SACV01-00981-ABC (MLGx)(C.D. Cal.). Ms. Sainath serves on the board of the

14   National Lawyers Guild (Los Angeles Chapter) and is active in her community.  While in

15   law school, she was awarded numerous prestigious public interest awards, including the

16   Berkeley Law Foundation Public Interest Law Fellowship, Boalt Hall Public Interest

17   Fellowship and the South Asian Bar Association of New York Public Interest

18   Fellowship.  Ms. Sainath's hourly rate is $300 an hour and she has spent over 50 hours

19   preparing for the motion for attorneys' fees and reviewing time cards and costs.

20        28.  Our paralegals are billed at various rates depending on their experience.  Our

21   most senior paralegal is typically billed at $225 per hour, but we have reduced her hourly

22   to $175 for this case.

23                    **Work Performed by HSKRR In This Matter**

24        29.   I oversee my firm's work in this matter, and have personally supervised the

25   work that was done by the other attorneys at my firm.

26        30.   I have spent over 66 hours on this case. This work included reviewing the

27   file, meeting with the Plaintiffs, drafting letters regarding electronic discovery, preparing

28   for, and attending the day-long mediation and reviewing the damages calculations,

reviewing the motion for and opposition to class certification, preparing the reply brief, researching, preparing for, and attending the hearing on the motion for preliminary approval, preparing, reviewing and handling the settlement agreement and reviewing and supervising the attorneys' fee motion and supporting declarations and exhibits.

31.    To date the attorneys and paralegals from my office have spent 182.8 hours on this case for  a lodestar of $95,675.00  I expect to personally spend another 30 hours on the matter handling the hearing for final approval, claims administration and distribution issues.  When this matter is completed, my firm's total hours spent will be 212.8 with a lodestar of $114,425.00.

32.    My firm's billing records were compiled by my firm's in-house bookkeeper from time sheets filled out by the individual attorney or paralegal at or about the time the work was performed by recording the amount of time worked, broken down by 1/10 hour periods or were entered by the computer system by the individual timekeeper.  When the data was put on time sheets it was then entered on a weekly basis by my bookkeeper into our computer system and recorded therein.  On a monthly basis, the computer records are printed out, reviewed by the supervising partner for accuracy, and thereafter stored in billing files for each case in our office.  These computer printouts constitute the standard billing records for this case, which records are kept in the normal course of business.  Should the Court so request, Plaintiffs' Counsel will also submit their actual billing records under seal, to be reviewed by this Court *in camera*.

33.    The names, current hourly rates, hours worked and lodestar for the attorneys, law clerks and paralegals who worked on this case are set forth in the table below and attached hereto in Exhibit B.

| Attorney or Paralegal | Hours | Hourly | Lodestar |
|---|---|---|---|
| Randy Renick | 29.8 | $600.00 | $6,120.00 |
| Anne Richardson | 66.00 | $625.00 | $41,250.00 |
| Dan Stormer | 10.60 | $825.00 | $8,745.00 |

| Cornelia Dai | 22.80 | $525.00 | $11,970.00 |
|---|---|---|---|
| Radhika Sainath | 51.6 | $300.00 | $15,480.00 |
| Tami Galindo | 2.00 | $175.00 | $350.00 |
| TOTALS | 182.8 | | $95,675.00 |

**Costs Expended in This Matter**

34.    In total, as set forth in the declarations of counsel to this Court, my firm has incurred $2885.20 as of May 6, 2011 in unreimbursed expenses in prosecuting this case, as described in further detail below.  All of these costs and expenses were reasonable and necessary to bring this case to closure and are typically billed to the client.   The costs incurred in this case are set forth in the table below and attached hereto in Exhibit B.

| | Hadsell Stormer Keeny Richardson & Renick LLP |
|---|---|
| Mediation | |
| Experts | 2075.00 |
| Filing Fees | |
| Travel, Mileage, Parking, | 62.55 |
| Copies and Facsimiles | 200.6 |
| Postage | |
| Process Service, Courier, Messenger | 96.00 |
| Data Analysis Services (Miriad Litigation Solutions) | |
| Word Processing | 290.50 |
| Pacer Charges | |
| Westlaw | |
| Online Document Retrieval | |
| Monthly Supplies | 54.00 |

| | |
|---|---|
| Monthly Telephone | 45.00 |
| Litigation Files | 50.00 |
| Manila Folders | 10.50 |
| Index/Exhibit Tabs | 1.05 |
| Depositions | |
| TOTAL | 2885.20 |

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct. Executed May 9, 2011, in Pasadena, California.

By: ___/s/ Anne Richardson_____

Attorneys for Plaintiff
Stephan Ballard on behalf of himself and the Putative Class