E-FILED: 8-3-2011

JS-6

1  HADSELL STORMER KEENY
       RICHARDSON & RENICK, LLP
2  ANNE RICHARDSON [S.B. #151541]
   arichardson@hskrr.com
3  DAN STORMER [S.B. #101967]
   dstormer@hadsellstormer.com
4  RADHIKA SAINATH [S.B. #25931]
   radhika@hskrr.com
5  128 N. Fair Oaks Avenue
   Pasadena, California 91103
6  Telephone:  (626) 585-9600
   Facsimile:   (626) 577-7079
7
   BONONI LAW GROUP, LLP
8  WILLIAM S. WALDO [S.B. #073973]
   wwaldo@bononilawgroup.com
9  MICHAEL J. BONONI [S.B. #130663]
   mbononi@bononilawgroup.com
10 915 Wilshire Blvd., Suite 1950
   Los Angeles, California 90017
11 Telephone:  (213) 553-9200
   Facsimile:  (213) 553-9215
12
   Counsel for Plaintiff
13 Stephan L. Ballard
14
15              **UNITED STATES DISTRICT COURT**
16              **CENTRAL DISTRICT OF CALIFORNIA**
17

18 STEPHAN L. BALLARD, on behalf of       Case No. CV10-3186 PSG (SSx)
   himself and all others similarly situated,
19                                        [Consolidated with Case Nos. CV 09-
                      Plaintiffs,         7146 PSG (SSx) and CV 10-6312 PSG
20 v.                                     (SSx)]

21 MISTRAS GROUP, INC., a Delaware        **[PROPOSED] FINAL JUDGMENT**
   Corporationl CONAM INSPECTION         **AND ORDER GRANTING FINAL**
22 AND ENGINEERING SERVICES,             **APPROVAL OF JOINT**
   INC., a Delaware Corporation; and     **STIPULATION OF SETTLEMENT**
23 MISTRAS HOLDING GROUP, and            **AND RELEASE AND DISMISSING**
   DOES 1 through 100, inclusive,        **ACTION**
24
                      Defendants.        DATE:      August 1, 2011
25                                        TIME:      1:30 p.m.
                                         CTRM:      880
26
                                         Date Action Filed: March 29, 2010
27                                        Trial Date: NONE
28

1    The Court, having considered whether to order final approval of the settlement of

2    the above-captioned action pursuant to the Joint Stipulation of Settlement ("Settlement")

3    filed on or about January 31, 2011, having read and considered all of the papers and

4    argument of the parties and their counsel, having granted preliminary approval on May

5    30, 2011, having received Plaintiffs Motion for Attorneys' Fees and Costs and the

6    Confidential Memoranda of both Parties and having directed that notice be given to all

7    Class Members of preliminary approval of the Settlement and the final approval hearing

8    and the right to be excluded from the Settlement, and having received no objections and

9    good cause appearing,

10   IT IS HEREBY ORDERED AS FOLLOWS:

11   1.    Terms used in this Judgment and Order of Final Approval have the meanings

12   assigned to them in the Settlement.

13   2.    This Court has jurisdiction over the claims asserted in the Action by Plaintiffs

14   Stephan L. Ballard and Patrick D. Quiroz ("Plaintiffs"), and over Class Members and

15   Defendants.

16   3.    The Court hereby makes final the conditional class certification the Court granted

17   on May 30, 2011, and thus makes final for purposes of the Settlement only, the

18   certification of a Class whose members consist of: all persons who were employed by

19   Mistras Group, Inc. and/or its predecessor Conam Inspection and Engineering Services,

20   Inc. formerly known as "Mistras Holdings Co.," in any position within the state of

21   California, at any time between September 4, 2008 and August 29, 2010, as identified by

22   Mistras using its employment records  This certification for settlement purposes shall not

23   be construed to be an admission by Defendants or a determination as to the certifiability

24   of any class if the merits of class certification had been litigated in the Action, or in any

25   other action.

26   4.    The Court hereby finds that the Notice of Settlement, as mailed to all Class

27   Members by April 19, 2011 fairly and adequately described the proposed Settlement, the

28   manner in which Class Members could object to or participate in the Settlement, and the

1   manner in which Class Members could opt out of the Settlement Class; was the best

2   notice practicable under the circumstances; was valid, due and sufficient notice to all

3   Class Members; and complied fully with the Federal Rules of Civil Procedure, due

4   process, and all other applicable laws. The Court further finds that a full and fair

5   opportunity has been afforded to Class Members to participate in the proceedings

6   convened to determine whether the proposed Settlement should be given final approval.

7   Accordingly, the Court hereby determines that all Class Members who did not file a

8   timely and proper request to be excluded from the Settlement are bound by this Judgment

9   and Order of Final Approval.

10  5.      The Court hereby finds that the Settlement, including the Gross Settlement

11  Amount, is fair, reasonable, and adequate as to the Class, Plaintiffs and Defendants, and

12  is the product of good faith, arms-length negotiations between the Parties, and further,

13  that the Settlement is consistent with public policy, and fully complies with all

14  applicable provisions of law. The Court makes this finding based on a weighing of the

15  strength of Plaintiffs' claims and Defendants' defenses with the risk, expense,

16  complexity, and duration of further litigation.  The Court also finds that the Settlement is

17  the result of non-collusive arms-length negotiations between experienced counsel

18  representing the interests of the Class and Defendants, after thorough factual and legal

19  investigation.  In granting final approval of the Settlement, the Court considered the

20  nature of the claims, the amounts paid in settlement, the allocation of settlement

21  proceeds among the Class Members, and the fact that the Settlement represents a

22  compromise of the Parties' respective positions rather than the result of a finding of

23  liability at trial.  Additionally, the Court finds that the terms of the Settlement have no

24  obvious deficiencies and do not improperly grant preferential treatment to any individual

25  Class Member.  The Court further finds that the response of the Class to the Settlement

26  supports final approval of the Settlement.  Specifically, no Class Member objects to the

27  Settlement, and only nine (9) Class Members (i.e., less than 2% of the Class) have opted

28  out of the Settlement.  A large percentage of Class Members have submitted claims.

Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member. *Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003). The Court also hereby finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23, for the reasons stated in the Motion for Final Approval. Accordingly, the Court hereby finally and unconditionally approves the Settlement and authorizes Defendants to pay the individual Settlement Payments  in accordance with the terms of the Settlement.

6.     The persons identified on Exhibit B to the Declaration of Bernie Lenhart, filed August 2, 2011, have timely and validly requested exclusion from the Class and, therefore, are excluded. Such persons are not included in or bound by this Judgment and Order of Final Approval, and they are not entitled to any recovery from the settlement proceeds obtained through the Settlement. Those persons are: Diego Centeno, Douglas Crowder, Jason Degula, Alberto Goint, Enda John Halpin, Fernando Llamas, Michael William Price, Sean D. Tahirali and Jon E. Ward.

7.     The Court orders the Parties to implement, and comply with, the terms of the Settlement.

8.     The Court approves the settlement of the Released Claims as defined in the Settlement. As of the Effective Date of the Settlement, as defined in the Settlement, all of the Released Claims of each Class Member who did not timely opt out, as well as the Class Representatives' Released Claims, are and shall be deemed to be conclusively released as against the Released Parties (as defined by the Settlement). As of the date of this Judgment and Order of Final Approval, all Class Members who did not timely opt out are bound by the instant Judgment and Order of Final Approval, and the Settlement. Except as to such rights or claims that may be created by the Settlement, all Class Members as of the date of this Judgment and Order of Final Approval who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the Released Claims, either directly, representatively or in any other capacity, against

1   any of the Released Parties.

2   9.      HADSELL STORMER KEENY RICHARDSON & RENICK, LLP and BONINI

3   LAW GROUP are designated as Class Counsel.  Class Counsel HADSELL STORMER

4   KEENY RICHARDSON & RENICK, LLP and BONONI LAW GROUP shall continue

5   to serve as Lead Counsel and shall oversee and perform the duties necessary to effectuate

6   the settlement, including the distribution of attorneys' fees and costs.

7   10.     Defendants shall make available to the Class  Administrator for payment to the

8   Participating Class Members, the Net Settlement Amount no later than fifteen business

9   days after the Final Effective Date.  Each Participating Class Member shall receive

10  $1,000, in addition toe the percentage of the funds provided in ¶ 15, *infra*.

11  11.     Defendants do not object to Plaintiffs' request for Enhancement Payment in the

12  amount of $10,000 to both of the Class Representatives. The Court has considered

13  Plaintiffs' request for a Enhancement Payment and, good cause appearing, hereby grants

14  Plaintiffs' request in the amount of $10,000 each and authorizes Defendants to pay this

15  amount from the Gross Settlement Amount in accordance with the terms of the

16  Settlement.

17  12.     Defendants do not to oppose Plaintiffs' motion for reasonable attorneys' fees and

18  costs.  Plaintiffs submitted an updated cost bill showing costs to be $20,000.86 as of

19  August 1, 2011.  The Court has considered Plaintiffs' motion for the award of attorneys'

20  fees (of 19% of the total potential settlement amount, $722,500) and costs and, good

21  cause appearing, hereby awards Class Counsel attorneys' fees in the amount of $137,500

22  and costs in the sum of $20,000, and authorizes Defendants to pay such amounts in

23  addition to the Settlement Amount in accordance with the terms of the Settlement.

24  13.     Defendants further agreed in the Settlement to pay $15,000 to Ballard and $40,000

25  to Quiroz to settle their individual claims of retaliation and failure to hire.  These

26  payments are in addition to the $1,000 each such individual is otherwise entitled to

27  receive.  In, exchange, Ballard and Quiroz are required to release all potential claims

28  they may have against Defendantm and all such individual claims are hereby

1   DISMISSED.

2   14.     Defendants are to pay the reasonable costs of the Claims Administrator associated

3   with notices to the Class and the administration of the Settlement and all costs associated

4   with distribution of individual Settlement Payment to Class Members in accordance with

5   the terms of the Settlement. The estimate of the Claims Administrations Costs is

6   $15,000, but in the event that the amount is larger, the expenses will be born exclusively

7   by Defendants.

8   15.     Defendants further agreed in the Settlement to pay from the Gross Settlement

9   Amount the amount of $10,000 to be split among the California Labor and Workforce

10  Development Agency ("LWDA") and class members pursuant to California Labor Code

11  section 2699, et seq. (i.e., the California Private Attorneys General Act of 2004).  Good

12  cause appearing, the Court hereby authorizes Defendants to pay to the LWDA and class

13  members the sum of $10,000 from the Gross Settlement Amount, in accordance with the

14  terms of the Settlement.

15  16.     Defendants shall have no further liability for costs, expenses, interest, attorneys'

16  fees, or for any other charge, expense, or liability, in connection with the

17  above-captioned action except as provided in the Settlement.

18  17.     Neither the Settlement nor any of the terms set forth in the Settlement constitute an

19  admission by the Defendant of liability to the Plaintiffs or any Class Member; nor does

20  this Judgment and Order of Final Approval constitute a finding by the Court of the

21  validity of any of the claims alleged in the Action, or of any liability of Defendant.

22  Neither the making of nor entering into the Settlement constitutes an admission by

23  Defendant nor is this Judgment and Order of Final Approval a finding of the validity of

24  any claims in the Action or of any other wrongdoing.  Evidence of the making or

25  entering into the Settlement shall not be offered or received into evidence in any action

26  or proceeding against any party hereto in any Court, or other tribunal for any purpose,

27  other than to enforce the instant Order of Final Approval, the instant Judgment, or the

28  Settlement.

18.     The Court hereby grants final approval of the Settlement and, in accordance with the terms of the Settlement, hereby enters judgment approving the terms of the Settlement and ordering that all the above-captions Actions be dismissed in accordance with the Settlement.  The Actions are dismissed on the merits with prejudice on a class-wide basis.  The Class Representatives' Released Claims, as set forth in the Settlement, are dismissed on the merits with prejudice.

19.     Without affecting the finality of this Judgment and Order of Final Approval, the Court retains exclusive and continuing jurisdiction over the Actions, Plaintiffs, all Class Members and Defendants for purposes of supervising, implementing, interpreting and enforcing this Judgment and Order of Final Approval and the Settlement.  Nothing in this Judgment and Order of Final Approval precludes any action to enforce the Parties' obligations under the Settlement or under this Judgment and Order of Final Approval.

20.     If the Settlement does not become final and effective in accordance with the terms of the Settlement, this Judgment and Order of Final Approval and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

21.     The Court hereby finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the Parties to the Settlement.  Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

IT IS SO ORDERED.

Dated: _____August 3_, 2011          _____

                                                           Hon. Philip S. Gutierrez
                                                           United States District Judge